IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Gen No. |
| | ) | |
| VILLAGE OF VERNON HILLS, | ) | |
| LESLIE POWELL as administrator of the | ) | |
| Estate of OFFICER JESSE W. | ) | |
| GOLDSMITH, Deceased, and | ) | |
| OFFICER MARK SOSNOSKI, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Dave Hall, by and through his attorney, Gretchen A. Neddenriep, of Diver, Grach, Quade & Masini, LLP, and complaining against the Defendants, the Village of Vernon Hills, Leslie Powell as the administrator of the Estate of Officer Jesse W. Goldsmith, Deceased, and Officer Mark Sosnoski, states as follows:

### Nature of Action

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C.§1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on April 26, 2008, by the Defendants.

### Jurisdiction and Venue

2. This court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343, and 28 U.S.C. §1367.

3. At all relevant times the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. The Village of Vernon Hills is a municipal corporation located the State of Illinois in this Judicial District. At all relevant times, the Village of Vernon Hills was the employer of Defendants, Officer Jesse W. Goldsmith and Officer Mark Sosnoski (hereinafter "Defendant Officers."). Defendant Officers were at all relevant times employed by the Village of Vernon Hills as duly appointed police officers in the Village of Vernon Hills acting within the course and scope of their employment and under color of law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

## Facts

6. On April 26, 2008, the Plaintiff was arrested in Vernon Hills, Illinois by the Defendant Officers.

7. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during or after his arrest.

8. On the above date Officer Goldsmith effectuated a stop on Plaintiff's vehicle. During his interaction with Defendant Officers, Plaintiff posed no threat to anyone.

9. During this interaction, without legal justification, Officer Goldsmith pulled out his pepper spray and sprayed Plaintiff in the face more than one time.

10. As the Plaintiff was being sprayed with pepper spray, Officer Sosnoski stood by and allowed Plaintiff to be pepper sprayed. Plaintiff posed no threat to anyone during his interaction with the Defendant Officers while at the scene of his arrest.

11. Due to the pepper spray, Plaintiff suffered injury that required medical attention.

12. Plaintiff was eventually transported to Condell Hospital in Libertyville, Illinois following his arrest due to the injuries he received during his arrest.

13. There was no legal justification for either of the Defendant Officers to use force upon Plaintiff before, during, or after his arrest.

14. The Plaintiff sustained injuries due to the Defendant Officers' actions.

15. The Defendant Officers' acts were intentional, willful and wanton.

## COUNT I – 42 U.S.C. §1983 – Excessive Force

16. The Plaintiff realleges paragraphs one through fifteen, inclusive, and incorporates those paragraphs herein, as though fully stated as this paragraph sixteen.

17. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under the color of law and in the course and scope of their employment as Village of Vernon Hills Police Officers, constituted excessive force in violation of the United States Constitution.

18. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

19. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the Plaintiff's rights.

20. As a result of the Defendant Officers' unjustified and excessive use of force, as well as the Village of Vernon Hills' policies, procedures, customs and practices, the Plaintiff suffered injuries.

21. The misconduct described in this Count was undertaken pursuant to the policies, procedures, customs and practices of the Village of Vernon Hills and its Police Department in that:

   a. As a matter of both policy and practice, the Vernon Hills Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that it is failure to do so manifests deliberate indifference, and by hiring unqualified individuals as police officers;

   b. As a matter of both policy and practice, the Vernon Hills Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Vernon Hills Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting the Plaintiff;

   c. Vernon Hills Police Officers accused of excessive force can be confident that the Village of Vernon Hills will not investigate those accusations in earnest, will not recommend or seek out criminal charges against Vernon Hills Police Officers, and will refuse to recommend discipline even where the Officer has engaged in excessive force;

   d. As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Vernon Hills Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Village of Vernon Hills Police Department makes findings of wrongdoing in a disproportionately small number of cases, and does not recommend or seek out criminal charges against its Officers;

   e. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Vernon Hills Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

   f. The Village of Vernon Hills has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

22. As a direct and proximate result of the Defendants' acts and omissions the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, Plaintiff, Dave Hall, demands judgment in his favor and against the Defendants, Village of Vernon Hills and the Estate of Officer Goldsmith, awarding compensatory damages, attorney fees, and costs against both Defendants; awarding punitive damages against the Estate of Officer Goldsmith; entering such orders as are necessary to rectify the Village of Vernon Hills' unconstitutional policies, procedures, customs and practices; and any other relief this Court deems just and appropriate.

### COUNT II – 42 U.S.C. §1983 - Failure to Intervene

23. The Plaintiff realleges Paragraphs one through fifteen, inclusive, and incorporates those paragraphs herein, as though fully stated as this paragraph twenty-three.

24. As described in the preceding paragraphs, Plaintiff was subjected to acts which were unconstitutional. Defendant Officer Sosnoski stood by and watched without intervening to prevent the unconstitutional violence to which Plaintiff was subjected by Officer Goldsmith. Officer Sosnoski had a reasonable opportunity to prevent the harm had he been so inclined, but failed and declined to do so. Defendant Officer was acting under color of law and in the course and scope of his employment as Village of Vernon Hills' Police Officers, and his acts constituted a violation of the United States Constitution.

25. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

26. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

27. As a result of Officer Sosnoski's improper conduct, as well as the Village of Vernon Hill's policies, procedures, customs and practices, the Plaintiff suffered injuries.

28. The misconduct described in this Count was undertaken pursuant to the policies, procedures, customs and practices of the Village of Vernon Hills and its Police Department in that:

  a. As a matter of both policy and practice, the Vernon Hills Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that it is failure to do so manifests deliberate indifference, and by hiring unqualified individuals as police officers;

  b. As a matter of both policy and practice, the Vernon Hills Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Vernon Hills Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting the Plaintiff;

  c. Vernon Hills Police Officers accused of improper or unconstitutional conduct can be confident that the Village of Vernon Hills will not investigate those accusations in earnest, will not recommend or seek out criminal charges against Vernon Hills Police Officers, and will refuse to recommend discipline even where the Officer has engaged in improper or unconstitutional conduct;

  d. As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Vernon Hills Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Vernon Hills Police Department makes findings of wrongdoing in a disproportionately small number of cases, and does not recommend or seek out criminal charges against its Officers;

  e. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Vernon Hills Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

  f. The Village of Vernon Hills has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

29. As a direct and proximate result of Defendants' acts and omissions, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, Plaintiff, Dave Hall, demands judgment in his favor and against the Defendants, Village of Vernon Hills and Officer Sosnoski, awarding compensatory damages, attorney fees, and costs against both Defendants; awarding punitive damages against Officer Sosnoski; entering such orders as are necessary to rectify the Village of Vernon Hills' unconstitutional policies, procedures, customs and practices; and any other relief this Court deems just and appropriate.

### COUNT III – Illinois State Law – Indemnification – Village of Vernon Hills

30. The Plaintiff realleges paragraphs one through twenty-nine, inclusive, and incorporates those paragraphs herein, as though fully stated as this paragraph thirty.

31. At all relevant times, the Defendant Officers were acting under color of law and under the course and scope of their employment.

32. At all relevant times, the Village of Vernon Hills was the employer of the Defendant Officers.

WHEREFORE, Plaintiff, Dave Hall, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, Village of Vernon Hills, in the amounts awarded to the Plaintiff against the individual Defendants and for whatever additional relief this Court deems just and appropriate.

### JURY DEMAND

The Plaintiff, DAVE HALL, demands a trial by jury on all Counts.

Respectfully Submitted,

By: _/s/ Gretchen A. Neddenriep_____
Attorney for Plaintiff, Dave Hall

GRETCHEN A. NEDDENRIEP
DIVER, GRACH, QUADE & MASINI, LLP
111 NORTH COUNTY STREET
WAUKEGAN, IL 60085
TELEPHONE: 847-662-8611
FAX: 847-662-2960