51986-POG

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAVE HALL,<br>        Plaintiff,<br>v.<br>VILLAGE OF VERNON HILLS, LESLIE POWELL as administrator of the Estate of OFFICER JESSE W. GOLDSMITH, Deceased, and OFFICER MARK SOSNOSKI,,<br>        Defendants. | Cause No. 10-C-2554<br><br>Judge Bucklo |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Village of Vernon Hills, Leslie Powell (as administrator of the Estate of Jesse W. Goldsmith, deceased), and Officer Mark Sosnoski Answer the Complaint and provide the following Affirmative Defenses:

### Nature of Action

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C.§1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on April 26, 2008, by the Defendants.

**ANSWER: Defendants admit that this matter is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, but deny that Defendants deprived Plaintiff of his civil rights when he was arrested on April 26, 2008.**

### Jurisdiction and Venue

2. This court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343, and 28 U.S.C. §1367.

**ANSWER: Admit.**

3. At all relevant times the Plaintiff was a resident of the State of Illinois in this Judicial District.

**ANSWER: Admit.**

4. The Village of Vernon Hills is a municipal corporation located the State of Illinois in this Judicial District. At all relevant times, the Village of Vernon Hills was the employer of Defendants, Officer Jesse W. Goldsmith and Officer Mark Sosnoski (hereinafter "Defendant Officers."). Defendant Officers were at all relevant times employed by the Village of Vernon Hills as duly appointed police officers in the Village of Vernon Hills acting within the course and scope of their employment and under color of law.

**ANSWER: Admit.**

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**ANSWER: Admit.**

### Facts

6. On April 26, 2008, the Plaintiff was arrested in Vernon Hills, Illinois by the Defendant Officers.

**ANSWER: Defendants admit that Officer Goldsmith arrested Plaintiff, but deny that Officer Sosnoski was the arresting officer.**

7. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during or after his arrest.

**ANSWER: Deny.**

8. On the above date Officer Goldsmith effectuated a stop on Plaintiff's vehicle. During his interaction with Defendant Officers, Plaintiff posed no threat to anyone.

**ANSWER: Defendants admit that Officer Goldsmith effectuate the stop of Plaintiff's vehicle on April 26, 2008. Deny the remaining allegations.**

9. During this interaction, without legal justification, Officer Goldsmith pulled out his pepper spray and sprayed Plaintiff in the face more than one time.

**ANSWER: Defendants admit that Officer Goldsmith deployed Oleoresin Capsicum Aerosol Spray (commonly known as "pepper spray"). Defendants deny the remaining allegations of Paragraph 9.**

10. As the Plaintiff was being sprayed with pepper spray, Officer Sosnoski stood by and allowed Plaintiff to be pepper sprayed. Plaintiff posed no threat to anyone during his interaction with the Defendant Officers while at the scene of his arrest.

**ANSWER: Deny.**

11. Due to the pepper spray, Plaintiff suffered injury that required medical attention.

**ANSWER: Defendants admit that Plaintiff requested medical treatment, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff suffered injury requiring medical attention.**

12. Plaintiff was eventually transported to Condell Hospital in Libertyville, Illinois following his arrest due to the injuries he received during his arrest.

**ANSWER: Defendants admit that Plaintiff was transported to Condell Hospital in Libertyville following his arrest, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's injuries.**

13. There was no legal justification for either of the Defendant Officers to use force upon Plaintiff before, during, or after his arrest.

**ANSWER: Deny.**

14. The Plaintiff sustained injuries due to the Defendant Officers' actions.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.**

15. The Defendant Officers' acts were intentional, willful and wanton.

**ANSWER: Defendants admit that Officer Goldsmith deployed "pepper spray" intentionally, but deny the remaining allegations of Paragraph 15.**

## COUNT I – 42 U.S.C. §1983 – Excessive Force

16. The Plaintiff realleges paragraphs one through fifteen, inclusive, and incorporates those paragraphs herein, as though fully stated as this paragraph sixteen.

**ANSWER: Defendants reallege their Answers to Paragraphs 1 through 15 and incorporate those answers to those paragraphs as fully stated as this paragraph 16.**

17. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under the color of law and in the course and scope of their employment as Village of Vernon Hills Police Officers, constituted excessive force in violation of the United States Constitution.

**ANSWER: Denied.**

18. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**ANSWER: Denied.**

19. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the Plaintiff's rights.

**ANSWER: Denied.**

20. As a result of the Defendant Officers' unjustified and excessive use of force, as well as the Village of Vernon Hills' policies, procedures, customs and practices, the Plaintiff suffered injuries.

**ANSWER: Denied.**

21. The misconduct described in this Count was undertaken pursuant to the policies, procedures, customs and practices of the Village of Vernon Hills and its Police Department in that:

a. As a matter of both policy and practice, the Vernon Hills Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that it is failure to do so manifests deliberate indifference, and by hiring unqualified individuals as police officers;

      b. As a matter of both policy and practice, the Vernon Hills Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Vernon Hills Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting the Plaintiff;

      c. Vernon Hills Police Officers accused of excessive force can be confident that the Village of Vernon Hills will not investigate those accusations in earnest, will not recommend or seek out criminal charges against Vernon Hills Police Officers, and will refuse to recommend discipline even where the Officer has engaged in excessive force;

      d. As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Vernon Hills Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Village of Vernon Hills Police Department makes findings of wrongdoing in a disproportionately small number of cases, and does not recommend or seek out criminal charges against its Officers;

      e. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Vernon Hills Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

      f. The Village of Vernon Hills has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER: Defendants deny all allegations of Paragraph 21, including subparts (a) through (f).**

      22. As a direct and proximate result of the Defendants' acts and omissions the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.**

WHEREFORE, Defendants pray that this Court enter judgment in their favor and against the Plaintiff.

## COUNT II – 42 U.S.C. §1983 - Failure to Intervene

23. The Plaintiff realleges Paragraphs one through fifteen, inclusive, and incorporates those paragraphs herein, as though fully stated as this paragraph twenty-three.

**ANSWER: Defendants reallege their Answers to Paragraphs 1 through 15 and incorporate those answers to those paragraphs as fully stated as this Paragraph 23.**

24. As described in the preceding paragraphs, Plaintiff was subjected to acts which were unconstitutional. Defendant Officer Sosnoski stood by and watched without intervening to prevent the unconstitutional violence to which Plaintiff was subjected by Officer Goldsmith. Officer Sosnoski had a reasonable opportunity to prevent the harm had he been so inclined, but failed and declined to do so. Defendant Officer was acting under color of law and in the course and scope of his employment as Village of Vernon Hills' Police Officers, and his acts constituted a violation of the United States Constitution.

**ANSWER: Denied.**

25. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**ANSWER: Denied.**

26. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

**ANSWER: Denied.**

27. As a result of Officer Sosnoski's improper conduct, as well as the Village of Vernon Hill's policies, procedures, customs and practices, the Plaintiff suffered injuries.

**ANSWER: Denied.**

28. The misconduct described in this Count was undertaken pursuant to the policies, procedures, customs and practices of the Village of Vernon Hills and its Police Department in that:

      a. As a matter of both policy and practice, the Vernon Hills Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that it is failure to do so manifests deliberate indifference, and by hiring unqualified individuals as police officers;

      b. As a matter of both policy and practice, the Vernon Hills Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Vernon Hills Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting the Plaintiff;

      c. Vernon Hills Police Officers accused of improper or unconstitutional conduct can be confident that the Village of Vernon Hills will not investigate those accusations in earnest, will not recommend or seek out criminal charges against Vernon Hills Police Officers, and will refuse to recommend discipline even where the Officer has engaged in improper or unconstitutional conduct;

      d. As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Vernon Hills Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Vernon Hills Police Department makes findings of wrongdoing in a disproportionately small number of cases, and does not recommend or seek out criminal charges against its Officers;

      e. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Vernon Hills Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

      f. The Village of Vernon Hills has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER: Defendants deny all allegations contained in Paragraph 28, including subparts (a) through (f).**

      29. As a direct and proximate result of Defendants' acts and omissions, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.**

WHEREFORE, Defendants pray that this Court enter judgment in their favor and against the Plaintiff.

### COUNT III – Illinois State Law – Indemnification – Village of Vernon Hills

30. The Plaintiff realleges paragraphs one through twenty-nine, inclusive, and incorporates those paragraphs herein, as though fully stated as this paragraph thirty.

**ANSWER: Defendants reallege their Answers to Paragraphs 1 through 29 and incorporate those answers to those paragraphs as fully stated as this Paragraph 30.**

31. At all relevant times, the Defendant Officers were acting under color of law and under the course and scope of their employment.

**ANSWER: Admitted.**

32. At all relevant times, the Village of Vernon Hills was the employer of the Defendant Officers.

**ANSWER: Admitted.**

WHEREFORE, Defendants pray that this Court enter judgment in their favor and against the Plaintiff.

### AFFIRMATIVE DEFENSE NUMBER 1: QUALIFIED IMMUNITY

1. On April 26, 2008, Officer Goldsmith and Officer Sosnoski were at all relevant times employed by the Village of Vernon Hills Police Department, engaged in performing governmental duties on behalf of the Village of Vernon Hills.
2. At all relevant times, a reasonable person objectively viewing the facts and circumstances that confronted Officer Goldsmith and Officer Sosnoski would believed their actions to be lawful in light of established law and they possessed.
3. Accordingly, Defendants, Officer Sosnoski and the Estate of Officer Goldsmith, are entitled to qualified immunity.

### AFFIRMATIVE DEFENSE NUMBER 2: PUNITIVE DAMAGES

1. Defendant, Village of Vernon Hills is a municipal corporation.

2. In Count III of the Complaint, Plaintiff seeks to hold the Village liable for all "the amounts awarded to the Plaintiff against the individual Defendants," a request that includes the prayer for punitive damages against the individual Defendants.

3. Because the Village of Vernon Hills is a governmental entity, it cannot be held liable for punitive damages, nor may it be required to pay punitive damages assessed against its employees. *See* 745 ILCS 10/2-101.

4. Further, Officer Goldsmith died on June 2, 2008, and his Estates was subsequently established on July 29, 2008.

5. On August 6, 2009, after the publication of notice to claimants of the Estate, the Probate Court authorized the final distribution of the assets for the Estate to Officer Goldsmith's heirs.

6. On April 26, 2010, Plaintiff moved for and obtained an order reopening Goldsmith's Probate Estate without notice to the Administrator of the Estate, the Estate's attorney, or the heirs who received the assets of the Estate eight months earlier.

7. Awarding punitive damages against the Estate of Goldsmith would not serve to punish Officer Goldsmith for his conduct and would not deter future conduct from him in the future because Officer Goldsmith is dead.

8. Awarding punitive damages against the Estate of Officer Goldsmith would further be unjust as the assets of the Estate were distributed to Goldsmith's heirs 8 months before Plaintiff unilaterally reopened the Estate without notice to the heirs.

9. Accordingly, Plaintiff's request for punitive damages against the Village of Vernon Hills and the Estate of Goldsmith should be stricken and dismissed.

### AFFIRMATIVE DEFENSE NUMBER 3: STATUTE OF LIMITATIONS

1. The Complaint concerns the events of April 26, 2008.

2. Officer Goldsmith died on June 2, 2008.

3. Officer Goldsmith was admitted for probate on July 29, 2008.

4.	Notice to Claimants of the Estate of Goldsmith was published between August 7, 2008 and August 21, 2008.

5.	Plaintiff failed to file suit and notice of his claim against the Estate of Goldsmith within the time allowed by Illinois law. 755 ILCS 5/18-12; 735 ILCS 5/13-209(b)(1).

6.	On August 6, 2009, the Probate Court authorized the final distribution of the assets of Goldsmith's Estate to his heirs.

7.	Further, to the extent Plaintiff may pursue state law claims against the Defendants, such claim(s) are barred by the one-year statute of limitations provided by the Illinois Tort Immunity Act. 745 ILCS 10/8-101.

8.	Accordingly, Plaintiff's claims against the Estate of Goldsmith and any state law claims against the Defendants are barred by the statute of limitations.

WHEREFORE, Defendants, Village of Vernon Hills, Leslie Powell (as administrator of the Estate of Jesse W. Goldsmith, deceased), and Officer Mark Sosnoski pray that the Court enter judgment in their favor and against Plaintiff and that the Court award costs and any other amounts as justice requires.

Respectfully submitted,

VILLAGE OF VERNON HILLS, LESLIE POWELL as administrator of the Estate of OFFICER JESSE W. GOLDSMITH, Deceased, and OFFICER MARK SOSNOSKI,,

By:	/s/ Brandon K. Lemley
	One of their attorneys

Daniel F. Gallagher
Paul O'Grady
Brandon K. Lemley
Kevin M. Casey
QUERREY & HARROW, LTD.
175 West Jackson, Suite 1600
Chicago, Illinois 60604
Phone: 312-540-7000

## PROOF OF SERVICE

  I, Brandon K. Lemley, an attorney, certify that I served this Answer and Affirmative Defenses in accordance with the electronic filing standards set forth by this Court on June 29, 2010.

             Dated: June 29, 2010


              /s/ Brandon K. Lemley

Document #: 1501928